UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 W. CAPITOL, ROOM 403
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

August 24, 2011

Mr. J. Ray Baxter
Post Office Box 1038
Benton, AR 72018

    RE: Motion to Dismiss, Kennedy v. Ferguson, 5:11cv00184-BRW

Dear Mr. Baxter,

    While evaluating Defendant's Motion to Dismiss, it struck me that there is likely a standing issue that was not discussed in Defendant's Motion to Dismiss. It is my understanding that to be liable for professional negligence there must be privity of contract between the attorney and the party bringing the suit.[1] Arkansas has not recognized the third-party beneficiary theory for professional negligence actions arising out of an attorney's preparation of a will and representation of an estate.[2] It appears that John Kennedy wasn't in privity of contract with Gibbs Ferguson. If this is so, then he would not have standing to sue Mr. Ferguson. There is an exception to the privity requirement for intentional fraud, but this has not been expanded to include constructive fraud.[3]

    Please provide a succinct letter brief on the standing issue by 5 p.m., Tuesday, August 30, 2011.

                            Cordially,

                            /s/Bill R. Wilson

cc: Charles S. Gibson
    Original to James McCormack, Clerk of the Court

---

[1] Ark. Code Ann. § 16-22-310.

[2] See Howard W. Brill, Arkansas Law of Damages § 26:2 (5th ed. 2010) ("[T]he children of a deceased client have no standing to sue the attorney who drafted the will for the client.")

[3] *Nielsen v. Berger-Nielsen*, 347 Ark. 996, 1008 (2002).