IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN KENNEDY                                                                                     PLAINTIFF

V.                                          5:11cv00184-BRW

GIBBS FERGUSON                                                                                 DEFENDANT

**ORDER**

Pending is Defendant's Amended Motion to Dismiss (Doc. No. 9) and Supplemental Motion to Dismiss (Doc. No. 15). Plaintiff has responded.[1] Additionally, I requested a letter brief on the issue of privity of contract,[2] and Plaintiff responded.[3] For the reasons discussed below, Defendant's Amended Motion to Dismiss and Supplemental Motion to Dismiss are GRANTED.

**I.   BACKGROUND**[4]

Eugene Kennedy died on April 4, 2010. Plaintiff, John Kennedy, is Eugene Kennedy's son. Defendant, Gibbs Ferguson, was Eugene Kennedy's lawyer for several years. Defendant prepared a "Last Will and Testament" for Eugene Kennedy that was executed on August 15, 2000 (the "2000 Will").[5] The original copy of the will was left at Defendant's office. On October 28, 2008, Defendant prepared and executed a new will for Eugene Kennedy, which specifically revoked all

---

[1] Doc. No. 16.

[2] Doc. No. 21.

[3] Doc. No. 22.

[4] Unless noted, all information in the Background section is from Plaintiff's Second Amended Complaint (Doc. No. 20).

[5] In the August 15, 2000 will, Eugene Kennedy devised to his son "the sum of $30,000 in trust for his college education, but [made] no other provisions for him . . . . The trust shall terminate upon my son attaining the age of twenty-five (25) years, at which time the Trustee shall pay to my son, the remaining proceeds and assets of said trust, if any." (Doc. No. 20, Ex. A).

former wills (the "2008 Will").[6] Eugene Kennedy took the original copy of the 2008 Will. After Eugene Kennedy's funeral, Plaintiff went to Defendant's law office to inquire if there was a will. Defendant gave Plaintiff a copy of 2000 Will and told Plaintiff that the document was his father's will.

Defendant filed the 2000 Will with the Circuit Clerk of Desha County and submitted a verified petition swearing that the 2000 Will was the "Last" will of Eugene Kennedy. Defendant requested that the 2000 Will be admitted to probate. On January 11, 2011, Defendant alerted Plaintiff's attorneys to the existence of the 2008 Will. Throughout the probate proceedings, Defendant represented the estate of Eugene Kennedy. Plaintiff settled with Eugene Kennedy's other heirs for $1,600,000.[7] Eugene Kennedy's estate is still open and no final distribution has been made.[8]

Plaintiff filed this action on July 15, 2011, claiming damages for professional negligence and constructive fraud.[9] Plaintiff's theory is that the 2000 Will could not have been admitted to probate because it was revoked by the 2008 Will. And since the original 2008 Will was lost and the copy could not be admitted to probate, the estate should have been probated under the intestacy laws. Additionally, Plaintiff contends that Defendant's failure to disclose the existence of the 2008 Will until January, 2011, prevented Plaintiff from contesting the 2000 Will. Plaintiff argues that if the estate was probated under the intestacy laws, his share of the estate would be greater

---

[6] In the October 28, 2008 will, Eugene Kennedy devised to his son "the sum of $1,000.00, but [made] no other provisions for him [therein]." (Doc. No. 20 Ex. B).

[7] Doc. No. 9, Ex. 1A. The settlement was structured as a purchase agreement between Plaintiff and Eugene Kennedy's other legal heirs, Vickie Sharp and Danny Medford. In effect, Plaintiff, and his half-sister, sold their claims against the estate in exchange for the settlement amount.

[8] Doc. No. 9, Ex. 1E.

[9] Doc. No. 1.

## II.   STANDARD

In ruling on a Rule 12(b)(6) motion to dismiss, I must "accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief."[10]  However, conclusory allegations "are not entitled to the assumption of truth,"[11] but all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[12]  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[13] but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14]

## III.  DISCUSSION

Defendant argues that the case should be dismissed for three reasons.[15]  First, Defendant argues that this court is without subject matter jurisdiction based on the federal probate exception. Second, Defendant contends that the complaint fails to state a claim for which relief can be granted. Finally, Defendant argues that the settlement between Plaintiff and the Estate of Eugene Kennedy released Defendant from liability.  Additionally, I raised the issue of privity of contract, because Arkansas law requires direct privity of contract to maintain an action for professional negligence.[16]

---

[10] *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[11] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

[12] *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[13] *Id.* (quoting Fed. R. Civ. P. 8(a)).

[14] *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007)).

[15] Doc. No. 8.

[16] Ark. Code Ann. § 16-22-310.

Because I find that this case is not yet ripe, I am only addressing Defendant's failure to state a claim argument.

Defendant argues that Plaintiff fails to state a claim for relief because Defendant's conduct has not harmed Plaintiff. Ark. Code Ann. § 28-40-113(b)(1) provides that:

> (b) No will can be contested unless the grounds of objection are filed within the periods hereinafter provided:
>
> (1) If the ground of objection is that another will of the decedent has been discovered, the ground of objection must be filed before final distribution of the estate is ordered and within the period stated in § 28-40-103.[17] [18]

Defendant asserts that because no final distribution has been made, Plaintiff could still file an objection in probate court based on the discovery of the 2008 Will. The injury alleged by Plaintiff is that he could have contested the probate of the 2000 Will if he knew of the 2008 Will. Based on a plain reading of the statute, Plaintiff may still contest the probate of the 2000 Will because a final distribution has not been made. Therefore, this claim is not ripe for adjudication because Plaintiff can still contest the 2000 Will in probate court.[19]

I recognize that the prospect of a will contest is complicated by the settlement agreement that Plaintiff entered into with the other heirs. The agreement provides that "[Plaintiff] will waive and

---

[17] Ark. Code Ann. § 28-40-113(b)(1).

[18] Ark. Code Ann. § 28-40-103(a) provides a 5 year statute of limitations period for admitting a will to probate. Plaintiff presents the affidavit of Fred Briner that claims that § 28-40-113(b)(1) is not applicable to this case because the "new will" must be subject to probate. (Doc. No. 19). He instead argues that the three month limitation period in § 28-40-113(b)(2)(B) applies to this will contest and that the limitation period had run by the time the Plaintiff was made aware of the 2008 will. Mr. Briner provides no legal support for his interpretation that a "new will" must be subject to probate and I do not read the statute to require that a subsequently discovered will must be subject to probate.

[19] "Courts are reluctant to intervene unless the action arises 'in the context of a controversy ripe for judicial resolution.'" *Lane v. U.S. Dept. of Agriculture*, 187 F.3d 793, 795 (8th Cir. 1999) (quoting *Abbott Lab. v. Gardner*, 387 U.S. 136, 148 (1967)).

forever forgo the pursuit of any and all claims, potential claims, rights and privileges, known and unknown, against the Estate of Eugene S. Kennedy and Buyers, in their individual and executive capacities."[20] The settlement was executed on February 25, 2011,[21] but Plaintiff's attorneys learned about the 2008 will on January 21, 2011. The settlement agreement notes the existence of the 2008 will,[22] and it is clear that Plaintiff entered into the settlement agreement with knowledge that he had potential grounds for contesting the will. If Plaintiff were to contest the will now he would breach the settlement agreement. This appears to create a Catch-22, whereby Plaintiff cannot sue Defendant for professional negligence because the option of a will contest is still available and the injury has not yet occurred, but Plaintiff cannot contest the will without breaching the settlement agreement. Nevertheless, this is a situation that the Plaintiff knowingly put himself in and he must choose which option to pursue. Therefore, I find that because Plaintiff has yet to suffer an injury, and he can still contest the 2000 will in probate court, the issue is not ripe before me.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Amended Motion to Dismiss (Doc. No. 9) and his Supplemental Motion to Dismiss (Doc. No. 15) are GRANTED. Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 16th day of September, 2011.

                                                /s/ Billy Roy Wilson
                                                UNITED STATES DISTRICT JUDGE

---

[20] Doc. No. 9, Ex. 1A.

[21] *Id.*

[22] *Id.*